GUSSIE REICHNER AND MAURICE REICHNER, HER.HUS-
BAND, PLAINTIFFS, v. SAMUEL T. DAVIDSON, DE-
FENDANT.

Argued January 17, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Weinberger & Weinberger (Joseph J. Wein-berger,* of counsel).

*Contra, Feder & Rinzler.*

PER CURIAM.

Plaintiffs sued the defendant to ·recover back the sum $2,500 (and interest) which they paid to the defendant, as they claim, as the result of the false and fraudulent representations of the defendant, and his son, who acted as his agent.

The defendant was employed by the plaintiffs to act as their broker,· to sell certain of their property, in consideration of which they agreed to pay him a commission. Whereupon contracts for exchange of properties were entered into between the plaintiffs and Mr. and Mrs. Connolly. The plaintiffs claim that the defendant and his son, who was his agent, made certain false and fraudulent representations to the plaintiffs, upon which they relied, to induce the plain-

tiffs to accede to temporary terms, which were at variance with the terms of the contracts of exchange, which the parties had originally entered into, because the Connollys were unable to convey their property in accordance with the terms of their contract, and that in order to induce the plainitffs to go through with the exchange on other terms, and in order that the defendant might be paid his commission, the defendant and his son falsely represented to the plaintiffs that a document (which the Connollys executed to secure the payment of part of the purchase price on the exchange) was a mortgage on a particular parcel of real estate, whereas in truth and fact the instrument was a third mortgage on the property which the plaintiffs were conveying in exchange, and not the property represented.

The trial occurred at the Bergen Circuit, and resulted in a verdict for the plaintiffs in the amount claimed, with interest, making a total of $2,815.28.

We now proceed to deal generally with the various groups of reasons which the defendant has written down for a new trial.

We have examined with care the evidence and charge of the court, in the light of the pleadings, and we cannot say that the verdict is against the weight of the evidence, or outside of the issues raised by the pleadings, or that it was contrary to the charge of the court.

One of the issues raised by the pleadings is, whether fraud existed as claimed by the plaintiffs. The complaint charges the defendant with the fraudulent representations and misconduct already referred to, and the answer denies this. Now the evidence which was adduced deals mainly with that issue. The trial judge submitted such evidence to the jury, and the jury's verdict on that issue is that the fraud charged against the defendant and his son, who was his agent, actually existed. The plaintiffs' case was made out by the testimony of both plaintiffs, Mr. Edwards and Mr. Connolly. True, this case of plaintiffs was stoutly denied by the defendant and his witnesses, but we consider that the verdict is not legally subject to the objections now under consideration.

We are also of the opinion that the verdict was not excessive.

We are also of the opinion that the trial court did not err in the admission or rejection of evidence, certainly not as to any matter which may fairly be said to be prejudicial to the defendant.

We find no error in the charge of the court, certainly none of which has been made the subject-matter of a reason for a new trial.

Upon the whole case our conclusion is that the rule to show cause must be discharged, and it will be so ordered.